**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | | | |
|---|---|---|---|
| In Re: | * | | |
| AMERICAN SITE IMPROVEMENTS, INC., | * | Case No. | 08-21299-NVA (Chapter 11) |
| | * | | |
| Debtor. | * | | |

\* \* \* \* \* \* \*

AMERICAN INFRASTRUCTURE - MD, INC. d/b/a INDEPENDENCE CONSTRUCTION MATERIALS,   *

    Movant,   *

v.   *

AMERICAN SITE IMPROVEMENTS, INC.,   *

    Respondent.   *

\* \* \* \* \* \* \* \* \* \* \* \* \*

**AMERICAN INFRASTRUCTURE – MD, INC. d/b/a
INDEPENDENCE CONSTRUCTION MATERIALS'
MOTION TO SHORTEN TIME AND FOR EXPEDITED HEARING**

American Infrastructure - MD, Inc. d/b/a Independence Construction Materials ("American"), by its undersigned counsel, hereby moves this Court pursuant to Fed. R. Civ. Proc. 7(b) and Fed. R. Bankr. P. 4001 for an order shortening the time for any response to American's Motion for Relief from Stay and for an expedited hearing on that Motion, and for its reasons, American states as follows:

1.   Simultaneously herewith, American has filed a Motion for Relief from Stay pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001, (the "Motion for Relief").

2.   In the Motion for Relief, American requests this Court to enter and order lifting the automatic stay in the above-captioned matter for the limited purpose of allowing American to name American Site Improvements, Inc. ("ASI" or the "Debtor") as a nominal procedural defendant, as is required pursuant to the Delaware Mechanics' Lien law, in its mechanics lien case against Summit Crossing, LLC, the Owner of the Summit Ridge Property ("Summit" or the "Owner").[1]

3.   Pursuant to Fed. R. Bankr. P. 4001(d)(1), any opposition to the Motion for Relief must be filed on or about October 13, 2008 for a hearing scheduled for October 23, 2008, pursuant to Fed. R. Bankr. P. 4001 (c)(2).

4.   American does not have a contract with the Owner and, as a result, Delaware Mechanics' Lien law requires that a Statement of Claim be filed within 120 days of the last delivery of materials by American to the Property, as described in the Motion for Relief.  25 Del. C. 1953, § 2711(b).

5.   Pursuant to the Delaware Code, American's Statement of Claim shall be deemed timely if filed within 120 days of either: (1) the date final payment, including all retainage, is due to American; or (2) the date final payment is made to ASI (who has contracted directly with the Owner).  *Id.*

---

[1] While there is no dispute that the principal contractor, ASI in the instant matter, is a necessary party to a mechanics' lien proceeding by a subcontractor, *See Iannotti v. Kalmacher*, 156 A. 366, 368 (Del.Super. 1931), the issue of whether or not the principal contractor must be named as a party on the Statement of Claim is not clearly settled.  *See generally Iannotti v. Kalmacher*, 156 A. 366 (Del.Super. 1931), *Westinghouse Elec. Co. v. Franklin Institute of Pa.*, Del.Super., 21 A.2d 204 (1941), *Greenhouse v. Duncan Village Corp.*, Del.Super., 184 A.2d 479 (1962).  Therefore, in order to avoid any potential conflict with the Delaware Mechanics' Lien statutory requirements, American seeks to identify ASI as a party when it files its Statement of Claim.

6.      With respect to the Property in question, American last supplied materials on or about June 16, 2008. The final payment to American, including any retainage, was therefore due on that date. As a result, American must file its Statement of Claim on or before October 14, 2008.[2]

7.      The untimely filing of its Statement of Claim would potentially result in the waiver of American's mechanics' lien rights with respect to the Property.

8.      Pursuant to Local Bankruptcy Rule 9013-2, no memorandum of law will be filed along with this Motion, and American will rely solely upon the reasons contained in this Motion.

WHEREFORE, American Infrastructure - MD, Inc. d/b/a Independence Construction Materials, respectfully requests that this Court grant the Motion to Shorten Time and for Expedited Hearing and require any opposition to the Motion for Relief be filed on or before October 6, 2008 and scheduling the hearing on the Motion for Relief for October 9, 2008 to permit American, should the Motion for Relief be granted, time to file its Statement of Claim as required by Delaware Mechanics' Lien law.

Respectfully submitted,

Dated: September 25, 2008

/s/ Adam C. Harrison
Adam C. Harrison (Federal Bar No. 09416)
Scott E. Massengill (Federal Bar No. 14098)

Harrison Law Group
40 West Chesapeake Avenue
Suite 600
Towson, Maryland 21204

---

[2] At this time, American is investigating whether or not ASI has received its final payment from the Owner and/or when that payment was made or will be due. As a result, and in an effort to ensure protection of its lien rights, American is operating under the presumption that its Statement of Claim will be due on the earliest of the possible dates under the relevant statutory provisions.

          (410) 832-0000 (voice)
          (410) 832-9929 (fax)
          aharrison@harrisonlawgroup.com
          smassengill@harrisonlawgroup.com

          Attorneys for American Infrastructure - MD, Inc. d/b/a Independence Construction Materials

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of September, 2008, a copy of the foregoing Motion to Shorten Time and for Expedited Hearing, with a proposed form of order thereon, was sent by overnight mail, postage prepaid, to

Howard M. Heneson, Esquire
810 Glen Eagles Court
Suite 301
Towson, Maryland 21286
Counsel for Debtor,
American Site Improvements, Inc.

Office of the United States Trustee
Garmatz Federal Courthouse
101 West Lombard Street
Suite 2625
Baltimore, Maryland  21201

                                                          /s/ Scott E. Massengill
                                                          Scott E. Massengill (Fed. Bar No.: 14098)